UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA          :
                                  :
v.                                :   CR No. 09-057S
                                  :
ERIC SNEAD                        :

**MEMORANDUM AND ORDER**

Defendant is charged in a thirty-two count indictment with felony offenses including conspiracy, credit card fraud, production of false identification documents and aggravated identity theft. Defendant has been detained since his initial appearance on April 3, 2009.

The issue of bail was argued at both Defendant's initial appearance and an April 8, 2009 bail hearing. After considering the arguments of counsel, the Court issued a Detention Order Pending Trial on April 8, 2009 which concluded that Defendant presented a risk of flight. The reasons for that Order were set forth in writing as required by 18 U.S.C. § 3142(i)(1). (See Document No. 5). The Detention Order was not appealed.

On May 6, 2009, Defendant appeared before the Court with successor counsel for an arraignment. Defendant's "new" counsel requested the opportunity to again argue the issue of bail. The Court permitted argument and treated it as a Motion to Reconsider Bail. At the arraignment, Defendant's counsel did not present any new arguments or information in support of bail. He basically reiterated the prior arguments made by predecessor counsel regarding the nonviolent nature of the charged offenses and Defendant's long-term ties to the community. He also proposed conditions that the Court had previously considered and rejected. In response, the Government proffered that, since Defendant's arrest, "Defendant's wife, acting at his direction, has engaged in

conduct that could amount to witness tampering and obstruction of justice." (See Document No. 21 at pp. 8-9). While the Court is certainly troubled by such allegations, the Government offered no specific evidence, by proffer or otherwise, to connect Defendant to any of his wife's alleged misconduct.

In other words, neither the Government nor Defendant has offered any arguments or information which would add to or subtract from the Court's prior evaluation of Defendant's request for pretrial release. The bottom-line is that Defendant's prior actions speak louder than his current words. Defendant is thirty-two years old and has a lengthy criminal history spanning most of his adult life. He has a total of twelve convictions including several for economic/fraud crimes and two domestic assault convictions (one simple and one felony). His record includes a substantial number of failures to appear in court and violations of probation or suspended sentences. In addition, he is currently on probation for at least three prior state court convictions (obtaining money under false pretenses – 2005: five years' probation; domestic felony assault – 2004: five years' probation; and passing counterfeit bills/forgery – 2007: three years' probation). See 18 U.S.C. § 3142(g)(3)(B). Defendant has shown a propensity to violate State Court orders and to commit crimes despite State Court supervision, and thus this Court reasonably has no confidence that Defendant would comply with any conditions of bail set in this case.

Although presumed innocent of the thirty-two felony charges he faces, the weight of the evidence against Defendant (as set forth in the Government's Affidavit in support of Criminal Complaint) is strong. See 18 U.S.C. § 3142(g)(2). If convicted, Defendant faces a substantial multi-year prison term which includes a consecutive, two-year mandatory sentence for aggravated identity

theft. Although he has a lengthy criminal history, Defendant has, for the most part, avoided jail time and the prospect of a lengthy prison term in this case creates an incentive to flee.

For the foregoing reasons, Defendant's Motion to Reconsider Bail is DENIED and the Court's prior Detention Order stands.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
May 14, 2009